NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EDWARD LOCKE, | : | Civil No. 01-4912 (JLL) |
| Petitioner, | : | |
| v. | : | **O P I N I O N** |
| ROY L. HENDRICKS, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

> EDWARD LOCKE, #3254057B
> New Jersey State Prison
> P.O. Box 861
> Trenton, New Jersey  08625
> Petitioner pro se
>
> TERESA A. BLAIR, Deputy Attorney General
> PETER C. HARVEY, ATTORNEY GENERAL OF NEW JERSEY
> Division of Criminal Justice - Appellate Bureau
> P.O. Box CN 086
> Trenton, New Jersey  08625
> Attorneys for Respondents

**LINARES**, District Judge

　　Edward Locke, serving a life sentence for felony murder, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254(a).  Respondents filed an Answer, arguing, inter alia, that the Petition is an unexhausted mixed petition and that the claims presented are in any event without merit.  For the reasons expressed below, the Court dismisses the Petition and declines to issue a certificate of appealability.  See 28 U.S.C. §§ 2253(c), 2254(a), (b), (c).

## I.  BACKGROUND

Petitioner challenges a judgment of conviction entered on January 9, 1995, and amended on May 2, 1997, in the Superior Court of New Jersey, Law Division, Essex County, after a jury convicted him of felony murder, aggravated manslaughter, first-degree robbery and second-degree burglary.  The Court sentenced Petitioner to life imprisonment with a 30-year period of parole ineligibility for felony murder, to a consecutive term of 20 years imprisonment, with 10 years of parole ineligibility for first degree-robbery, and concurrent sentences on the aggravated manslaughter and burglary convictions.

Petitioner appealed and by opinion filed April 29, 1997, the Appellate Division of the Superior Court of New Jersey affirmed the convictions and remanded for entry of an amended judgment merging the conviction for aggravated manslaughter into the felony murder conviction. State v. Locke, N. A-4116-94T4 (App. Div. Apr. 29, 1997).  The Supreme Court of New Jersey denied certification on July 11, 1997.

On October 31, 1997, Petitioner filed a petition for post conviction relief ("PCR") in the Law Division, followed by a supplemental petition.  In a written opinion dated October 25, 1999, the Law Division denied relief.  In an opinion filed April 16, 2001, the Appellate Division affirmed the order denying PCR.  On September 20, 2001, the Supreme Court of New Jersey denied certification.

The Clerk received Petitioner's initial Petition October 22, 2001.  The Court notified Petitioner of the consequences of filing such a Petition under the Antiterrorism and Effective Death Penalty Act ("AEDPA") and gave him an opportunity to withdraw the Petition and file one all-inclusive Petition, pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000).  On December

3, 2001, Petitioner executed an almost identical Petition.  This Court construed the petition as an amended Petition and ordered Respondents to answer it.

    The amended Petition presents four grounds, which are set forth below verbatim:

> Ground One:  Constitutionally, the due process clause protect[s] the accused, the State must prove beyond a reasonable doubt.
>
> Supporting Facts:  the events surrounding the hospitalization and death of the victim remain problematical and the actual cause of death of the victim remain[s] debatable.
>
> Ground Two:  Trial Court violated defendant due process right to a fair trial and law.
>
> Supporting Facts:  Trial court by instructing unsupported first degree murder prejudice[d] defendant, trial court abuse it[s] discretion without affording defendant full evidentiary hearing, by failure to caution jury of out of court statement deprived defendant of fair trial.
>
> Ground Three:  the right to trial by jury hold a hallowed place, the right must remain inviolated.  [sic]
>
> Supporting Facts: (1) The felony murder verdict was not properly rendered, this verdict does not set forth the finding of first degree guilt; (2) Facts can be intelligently understood by the trier of facts which province was violated.
>
> Ground Four:  Defendant [has] been denied the effective assistance of counsel.
>
> Supporting Facts:  Defendant established a claim of ineffective assistance of counsel by not investigating and failure of medical experts and develop a defense available to defendant['s] case.

(Pet. ¶ 12.A. to 12.D.)

The State filed an Answer seeking dismissal of the amended Petition, arguing that the Court lacks jurisdiction over three claims because they assert violation of state law, and that the ineffective assistance of counsel claim does not satisfy the standard for habeas relief.[1]

## II.  STANDARD OF REVIEW

A habeas corpus petition must meet "heightened pleading requirements."  McFarland v. Scott, 512 U.S. 849, 856 (1994) (citing 28 U.S.C. § 2254 Rule 2(c)).  The petition must specify all the grounds for relief available to the petitioner, state the facts supporting each ground, and state the relief requested.  28 U.S.C. § 2254 Rule 2(c)(1), (c)(2), (c)(3).

Section 2254(a) of Title 28 of the United States Code gives the court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only where the inmate's custody violates federal law:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

A district court must give deference to determinations of state courts.  Duncan v. Morton, 256 F.3d 189, 196 (3d Cir.), cert. denied, 534 U.S. 919 (2001); Dickerson v. Vaughn, 90 F.3d 87, 90 (3d Cir. 1996).  Federal courts "must presume that the factual findings of both state trial and appellate courts are correct, a presumption that can only be overcome on the basis of clear and

---

[1] Respondents assert that three claims were not exhausted because they were not presented to the state courts as federal claims.  However, Respondents argue that the Petition should nevertheless be dismissed pursuant to 28 U.S.C. § 2254(b)(2) because the unexhausted claims do not raise even a colorable federal claim.  See Lambert v. Blackwell, 134 F.3d 506, 514-15 (3d Cir. 1997).

convincing evidence to the contrary." Stevens v. Delaware Correctional Center, 295 F.3d 361, 368 (3d Cir. 2002).   Where a federal claim was "adjudicated on the merits" [2] in state court proceedings, § 2254 does not permit habeas relief unless adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"A decision is 'contrary to' a Supreme Court holding if the state court 'contradicts the governing law set forth in [the Supreme Court's] cases' or if it 'confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a [different] result.'" Rompilla v. Horn, 355 F.3d 233, 250 (3d Cir. 2004) (quoting Williams v. Taylor, 529 U.S. 362, 405-06 (2000)).

Under the "'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413.  Whether a state court's application of federal law is "unreasonable" must be judged objectively; an application may be incorrect, but still not unreasonable. Id. at 409-10.

---

[2] "An 'adjudication on the merits' 'has a well settled meaning: a decision finally resolving the parties' claims, with res judicata effect, that is based on the substance of the claim advanced, rather than on a procedural, or other, ground.'" Rompilla v. Horn, 355 F.3d 233, 247 (3d Cir. 2004) (quoting Sellan v. Kuhlman, 261 F.3d 303, 311 (2d Cir. 2001)).  A state court may render an adjudication or decision on the merits of a federal claim by rejecting the claim without any discussion whatsoever.  Rompilla, 355 F.3d at 247.

A court begins the analysis by determining the relevant clearly established law. See Yarborough v. Alvarado, 541 U.S. 652, 660 (2004). Clearly established law "refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state-court decision." Williams, 529 U.S. at 412. A court must determine "the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." Lockyer v. Andrade, 538 U.S. 63, 71-72 (2003).

### III. DISCUSSION

**A. Non-Cognizable Claims**

"In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997). "Federal courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." Smith v. Phillips, 455 U.S. 209, 221 (1982). "If a state prisoner alleges no deprivation of a federal right, § 2254 is simply inapplicable. It is unnecessary in such a situation to inquire whether the prisoner preserved his claim before the state courts." Engle v. Isaac, 456 U.S. 107, 120 n.19 (1982).

In reviewing a § 2254 petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[3] Nor may the Court recharacterize a ground asserted under state law into a

---

[3] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process
(continued...)

federal constitutional claim.[4]  "[E]rrors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause."  Johnson v. Rosemeyer, 117 F.3d 104, 110 (3d Cir. 1997).  Moreover, "[i]t is well established that a state court's misapplication of its own law does not generally raise a constitutional claim."  Smith v. Horn, 120 F.3d 400, 414 (3d Cir. 1997) (citations and internal quotation marks omitted); see also Smith v. Zimmerman, 768 F.2d 69, 71, 73 (3d Cir. 1985).

In Ground Two, Petitioner challenges his conviction on the ground that the trial judge violated his right to due process of law by denying a "fair trial and law."  As supporting facts, the amended Petition states that the trial court abused its discretion by denying an evidentiary hearing and failing to caution the jury regarding his out of court statement.  In the Brief, Petitioner states that his post conviction relief application presented newly discovered evidence that the Coumadin which the victim was taking can cause a subdural hematoma in the absence of trauma.  Petitioner argues that the State courts improperly determined that the effect of Coumadin was fully explored at trial and that, in light of the newly discovered evidence, the instruction on first degree murder violated due process.

---

[3](...continued)
criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] See Engle, 456 U.S. at 119-20 & n.19 (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

Petitioner in effect argues in Ground Two that the Coumadin, rather than his kicking and punching the victim in the left temple, caused the subdural hematoma. This claim does not state a constitutional claim, however. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). As Ground Two presents no independent constitutional violation, his claim of newly discovered evidence of actual innocence is not cognizable.

Ground Three asserts a violation of the right to trial by jury because the verdict did not set forth the finding of the degree of murder and because the jury's province as fact finder was violated. Petitioner elaborates upon this ground in the Brief. He argues that, under New Jersey court rules, "if a jury returns a verdict of guilty without designating degree of murder of which accused is guilty as regarded by statute, verdict is fatally defective and no judgment can be legally pronounced thereon." (Brief of Petitioner at 6.) In the Brief, Petitioner further argues that the expert witness who testified at the trial that the hematoma was a life-threatening injury, as defined by New Jersey law, improperly usurped the jury's function of determining facts and the judge's function of determining law, and thereby deprived him of a fair trial. (Id. at 7.)

The question of whether felony murder under N.J. Stat. Ann. § 2C:11-3a(3) has only one degree or has a lesser included offense is a question of New Jersey law that this Court lacks jurisdiction to entertain. Likewise, the meaning of "life-threatening" injury is a question of New Jersey law which is not cognizable under § 2254.

**B.  Sufficiency of Evidence**

In Ground One, Petitioner asserts that the state did not prove beyond a reasonable doubt that the Coumadin taken by the victim was not the cause of the subdural hematoma resulting in death, as opposed to his conduct of kicking or punching the victim in the left temple.  The Court construes this as a claim challenging the sufficiency of the evidence.

A sufficiency of the evidence claim is governed by Jackson v. Virginia, 443 U.S. 307, 318 (1979).  In Jackson v. Virginia, the Supreme Court determined that, "in a challenge to a state criminal conviction brought under 28 U.S.C. § 2254 - if the settled procedural prerequisites for such a claim have otherwise been satisfied - the applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Id. at 324.  The Court instructed a federal habeas corpus court "faced with a record of historical facts that supports conflicting inferences [to] presume - even if it does not affirmatively appear in the record - that the trier of fact resolved any such conflicts in favor of the prosecution, and [to] defer to that resolution."  Id. at 326.  The Court emphasized that "the standard . . . does not permit a court to make its own subjective determination of guilt or innocence." Id. at 320, n. 13.

In this case, Petitioner argued on direct appeal that the jury's verdict was against the weight of the evidence and that the evidence was insufficient to support a finding that the victim's injuries constituted serious bodily injury as defined by New Jersey law.  On direct appeal, the Appellate Division adjudicated these claims and determined that the state had presented sufficient evidence.  For example, the Appellate Division noted that the medical examiner testified that he had performed an autopsy and concluded that "the cause of [the

9

victim's] death was cerebral edema as a direct result of the subdural hematoma which in turn resulted from blunt impact . . . [which] was more consistent with shaking or being kicked than with falling."  State v. Locke, No. A-4116-94T4, slip opinion at 7, (App. Div. April 29, 1997).

The New Jersey Courts' adjudication of Petitioner's sufficiency of the evidence claim was not contrary to, or an unreasonable application of, Jackson v. Virginia, and Petitioner is accordingly not entitled to habeas relief on Ground One.

## C.  Ineffective Assistance of Counsel

Petitioner argues in Ground Four that his trial counsel was constitutionally deficient because he failed to investigate and failed to develop a defense.  In his Brief, Petitioner argues that trial counsel failed to provide expert medical testimony establishing that the Coumadin was either the cause of the victim's cerebral hematoma or a substantial intervening cause of death. (Brief at 9.)

A claim that counsel's assistance was so defective as to require reversal of a conviction has two components, both of which must be satisfied.  Strickland, 466 U.S. at 687.  First, the defendant must "show that counsel's representation fell below an objective standard of reasonableness."  Id. at 688.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Id. at 690.  The court must then determine whether, in light of all the circumstances at the time, the identified errors were so serious that they were outside the wide range of professionally competent assistance.  Id.  Second, the defendant must show that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

The Appellate Division considered Petitioner's ineffective assistance of counsel claims in his appeal from the denial of post conviction relief. The Appellate Division determined that Petitioner failed to satisfy the defective performance prong in that he "failed to meet his burden and counsel's decision not to present certain witnesses or investigate will, therefore, be viewed as a strategic decision." State v. Locke, No. A-2122-99T4, slip op. at 12 (App. Div. April 16, 2001). The Appellate Division also determined that Petitioner failed to satisfy the prejudice prong:

> Defendant submits that he clearly has established the prejudice required under Cronic, supra, 466 U.S. at 648 . . . but his argument is barren of any proof to support such a claim. Instead, defendant merely alleges that his counsel was ineffective in the following respects (1) trial counsel was ineffective in not securing an expert and providing the jury with medical testimony establishing that the mediation either was itself the cause of the cerebral hematoma or was a substantial intervening cause of death which would have relieved the defendant of criminal liability for the death of the victim; (2) trial counsel failed to object to Dr. Schulder's testimony that the victim received a "life threatening" injury, thereby permitting the witness to render improper expert testimony; (3) after defendant stated that he believed himself to be insane, defense counsel failed to develop the defense of diminished capacity, which would have relieved the defendant of criminal liability for the death of the victim; and (4) defense counsel's failure to object to portions of the prosecutor's summation allowed an improper "motive" argument, and improper personal opinions to be presented to the jury. Defendant fails to support his claims with any authority. See State v. Hightower, 120 N.J. 378, 407-08 (1990) (holding the defendant was not prejudiced by defense counsel's failure to object to prosecutor's prejudicial comment to jury); State v. Compton, 304 N.J. Super. 477, 488 (App. Div. 1997) (holding that defendant was not prejudiced by trial counsel's failure to object or raise questions to expert testimony). Because defendant cannot overcome the burden of proof necessary to establish a prima facie case of ineffective assistance of counsel, he was not entitled to a full evidentiary hearing on the matter.

11

State v. Locke, No. A-2122-99T4, slip op. at 113-14.

Petitioner's ineffective assistance of counsel claim fails because Petitioner has not shown that the Appellate Division's ruling resulted in a decision that was contrary to, or involved an unreasonable application of Strickland.

**D.  Certificate of Appealability**

The Court denies a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).  See Miller-El v. Cockrell, 537 U.S. 322 (2003).

### IV.  CONCLUSION

Based on the foregoing, the Court dismisses the Petition and declines to issue a certificate of appealability under 28 U.S.C. § 2253(c).


    /s/ Jose L. Linares  
JOSE L. LINARES, U.S.D.J.


DATED: October 4, 2005